IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 6 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00963-BNB

DARRYL MARTIN,

    Plaintiff,

v.

JASON ZWIRN, Hearing Officer, and
WARDEN MR. MILYARD, Both Employees at Sterling Correctional Facility and in Their Individual Capacity.

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

Plaintiff, Darryl Martin, is in the custody of the Colorado Department of Corrections (DOC) and currently is held at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Martin has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 challenging a prison disciplinary conviction. In the Complaint, Mr. Martin raises one claim stating that he was charged with making threats toward a prison staff member while he was housed at the Sterling Correctional Facility. He further states that he was denied the ability to call a witness at his hearing, that the witness's statements were not reviewed for redundancy, relevancy, and reliablility, and that he was not allowed to listen to the tape of his statement that was made by prison staff members when he threatened the prison staff member. Mr. Martin seeks an expungement of his conviction.

The Court must construe the Complaint liberally because Mr. Martin is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Martin does not allege that he was deprived of life or property at his disciplinary hearing. Therefore, he was entitled to procedural protections at the disciplinary hearing only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Generally, a liberty interest may arise under the United States Constitution or prison regulations. *See Sandin*, 515 U.S. at 483-84. The Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement, because he is not entitled to any particular degree of liberty in prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369. Due process

guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Meachum*, 427 U.S. at 224.

Prison regulations may create a liberty interest if they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Plaintiff fails to state how his liberty rights were violated. Plaintiff will be directed to amend the Complaint and state how his liberty interest rights were violated. Accordingly, it is

ORDERED that Mr. Martin shall file, **within thirty days from the date of this Order**, an Amended Complaint, in keeping with this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Martin, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Martin submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Martin fails to file **within thirty days from the date of this Order** an Amended Complaint that complies, to the Court's satisfaction, with this Order the action will be dismissed without further notice.

DATED May 16, 2007, at Denver, Colorado.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00963-BNB

Darryl Martin
Prisoner No. 61336
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** the above-named individuals on  5-16 07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk